UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 16-09629 AB (Ex) | Date: | February 2, 2017 |
|---|---|---|---|

| Title: | *Amaia Anchustegui-Echarte v. Los Angeles Lomod Corporation* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  [In Chambers] ORDER **DENYING** MOTION FOR REMAND (Dkt. No. 11) AND **GRANTING** MOTION TO DISMISS (Dkt. No. 8)

  Before the Court is a Motion to Dismiss filed by Defendant Los Angeles LOMOD Corporation ("Defendant," Dkt. No. 8).  Plaintiff pro se Amaia Anschustegui-Echarte ("Plaintiff") did not file an opposition to the Motion to Dismiss; she did, however, file a Motion for Remand (Dkt. No. 11), to which Defendant filed an opposition.  Although Plaintiff did not notice her Motion for Remand for a hearing date as required by Local Rule 7-4, the Court will nevertheless decide the Motion for Remand.  The Court finds both Motions appropriate for resolution without oral argument and therefore **VACATES** the hearing date on the Motion to Dismiss.  *See* Fed. R. Civ. Proc. 78, Local Rule 7-15.  For the following reasons, the Court **DENIES** the motion for remand, and **GRANTS** the motion to dismiss, with leave to amend.

## I. BACKGROUND

In her state court complaint (Compl., Dkt. No.1, Exh. A), Plaintiff alleges that her former employer, Defendant, wrongfully discharged her without following its own progressive discipline procedures (Compl. 2:1-2), and in retaliation for her engaging in protected activity. (Compl. 2:18-20.)   Factually, the Complaint alleges that Plaintiff was hired as a voucher processor, that her performance reviews were generally favorable, that she was given her first reprimand and fired a few hours later because of insubordination.  Compl. 3:1-7.   The Complaint does not allege any other specific facts.   Based on this allegation, the Complaint asserts two claims: for wrongful discharge under California law, and for retaliation under 42 U.S.C. § 2000e-3, Title VII's anti-retaliation provision.

Also attached to the Complaint as exhibits are a determination from the appeals office of the unemployment department finding that Plaintiff was not discharged for misconduct and should not be disqualified for unemployment benefits; a "Charge of Discrimination" form that Plaintiff filed with the EEOC; the EEOC's dismissal of her claim; her employment contract; a December 2, 2014 written reprimand; Plaintiff's email response to the reprimand; and the December 3 termination letter.   However, the Complaint does not refer to any of the content of these materials.

## II. DISCUSSION

The Court will first resolve the motion for remand because it concerns jurisdiction.

### A. The Motion for Remand is <u>DENIED.</u>

Under 28 U.S.C. § 1441(a) ("Section 1441"), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.   Under the federal question statute, federal courts have original jurisdiction over "civil actions arising under . . . laws . . . of the United States."   28 U.S.C. § 1331.   Here, Plaintiff's second claim triggers federal question jurisdiction because it a claim under a federal statute, 42 U.S.C. § 2000e-3.   Accordingly, Plaintiff's case is subject to the Court's original jurisdiction, so it was properly removed to federal court.   The Motion for Remand is therefore **DENIED**.

### B. The Motion to Dismiss is <u>GRANTED.</u>

#### 1. Legal Standard

Fed. R. Civ. Proc. ("Rule") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   The statement

must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Under Rule 12, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When ruling on the motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

### 2. Plaintiff Has Not Pled Facts Sufficient to State Any Claim.

Plaintiff's claim for wrongful termination is insufficiently pled.  It is not perfectly clear whether Plaintiff is alleging a claim for wrongful termination by breaching an employment contract, or wrongful termination in violation of public policy.  However, the claim alludes primarily to contract-related matters, such as that Defendant fired Plaintiff "without following the company 'progressive discipline policy of arbitration'," Compl. 2:1-2, and to the concept that employment "at will" requires "mutual fairness in applying a contract's actual terms." Compl. 2:11.  Therefore, the Court will construe this as a claim for wrongful termination arising out of the breach of an employment contract.

To state such a claim, a plaintiff must plead (1) an employment relationship; (2) the employer promised to discharge plaintiff only for good cause; (3) the plaintiff substantially performed her job duties (or performance was excused); (4) the employer discharged the plaintiff without good cause; and (5) the plaintiff was harmed by the discharge.  *See* California Jury Instruction No. 2401.  Here, Plaintiff has not pled facts showing that Defendant promised that it would fire her only for good cause; to the contrary, the employment contract attached to the Complaint shows that Plaintiff was an "at will" employee.  Nor does Plaintiff plead that she was terminated without good cause, and in fact states that the reason given was "insubordination."  Compl. 3:6-7.  The Complaint lacks facts sufficient to state a wrongful termination claim, so this claim must be dismissed.

Plaintiff's claim for retaliation under Title VII also fails.  To state such a claim, a plaintiff must allege that (1) she engaged in protected activity; (2) the employer subjected her to an adverse employment action; and (3) she was subjected to the adverse employment

action because of her participation in the protected activity. *See* Ninth Cir. Model Jury Instructions, 10.3. Here, the Complaint alludes to a "question of law with broad free speech and expression ramifications," Compl. 2:14, but does not plead any facts supporting this proposition. Similarly, the Complaint states vaguely that "[f]ederal rules were broken, plaintiff spoke to new appointed officials, and they took adverse actions against a qualify [sic] worker engaged in by [sic] certain protected activities." Compl. 2:18-21. However, these are conclusory allegations, and the Complaint pleads no facts showing what Plaintiff's allegedly protected activities were or to establish causation. The Complaint lacks facts sufficient to state a retaliation claim, so this claim must be dismissed.

### C. Leave To Amend

The Court will grant Plaintiff leave to amend her Complaint. In light of Plaintiff's motion for remand, it appears that Plaintiff prefers to proceed in state court instead of federal court. **If Plaintiff files an Amended Complaint that does not include her federal claim for retaliation under 28 U.S.C § 2000e-3 (or any other federal claim) and only pleads claims that are based on state law, this Court will remand the case to state court.**

## III. CONCLUSION

For the following reasons, the Motion for Remand is **DENIED** and the Motion to Dismiss is **GRANTED**. Plaintiff may file a First Amended Complaint within thirty (30) days of the issuance of this Order; otherwise, the case will be closed.

If Plaintiff files a First Amended Complaint and it does not include any federal claims, the Court will remand the case to state court.

Plaintiff may also wish to seek guidance from the Court's Pro Se Clinic. Information about the Clinic is available at: http://court.cacd.uscourts.gov/cacd/ProSe.nsf

**IT IS SO ORDERED.**