UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: CV 16-09629-AB (Ex) | Date: May 4, 2017 |

| |
|---|
| Title: *Amaia Anchustegui-Echarte v. Los Angeles Lomod Corporation* |

| | |
|---|---|
| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
| Ingrid Valdes | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] Order DENYING Motion to Dismiss and SUA SPONTE REMANDING the Case Back to State Court**

Before the Court is a Motion to Dismiss filed by Defendant Los Angeles Lomod Corporation ("LOMOD") ("Motion," Dkt. No. 20.) Plaintiff Amaia Anchustegui-Echarte ("Plaintiff") filed an Opposition (Dkt. Nos. 21-22) and Defendant filed a Reply. (Dkt. No. 24.) The Court found the Motion appropriate for resolution without oral argument and vacated the hearing. For the following reasons, the Court **DENIES** the Motion to Dismiss and **sua sponte REMANDS** the case to state court.

**I. BACKGROUND**

Plaintiff originally filed this action in state court; Defendant removed it. The material allegations of the First Amended Complaint ("FAC") are as follows. ("FAC," Dkt. No. 17.)

On December 26, 2013, Plaintiff entered into a written contract for employment

with Defendant. (*Id.* ¶ 10.) Plaintiff was hired to be a Voucher Processor. (*Id.* ¶ 12.) Plaintiff alleges that her performance reviews from Voucher Supervisors were favorable, but on December 3, 2014, she received her first written reprimand and was terminated the same day for insubordination. (*Id.* ¶¶ 12-13.) On November 28, 2014, Plaintiff was asked to train a new supervisor on "how to do a $35 millions [sic] monthly Invoice [sic]." (*Id.* ¶ 14.) She further alleges, "[w]here Invoices [sic] was [sic] Connie Loyola's job, at least 7 years on the job, Nora Barter (10 years on the job) was her assistant, Earl Hearvey (Plaintiff's supervisor) was next in line to help Nora and Erika Cedeno, 7 years on the job." (*Id.* ¶ 15.) Plaintiff asserts that she "had been there 10 months [and] . . . because the request was very important, it should be a task for someone with more expertise and sufficiently trained." (*Id.* ¶ 16.) Plaintiff claims she was terminated due to her refusal to "train a Supervisor [sic] on a subject beyond her contractual job and expertise." (*Id.* ¶ 30.)

Plaintiff's FAC rests on her assertion that the termination violated Defendant's disciplinary procedures "[w]here Connie Loyola acting under executive powers violated the Rules of Section IX Administrative and Disciplinary Procedures and terminated Plaintiff [a] few hours after writing Plaintiff her first Written Reprimand." (*Id.* ¶ 31.) Specifically, "[w]here Plaintiff, and all directors [] signed an agreement by Code of Conduct Policy [and] . . . Plaintiff was under the typical collective bargaining agreement . . . [whereby Plaintiff] will only be terminated by fair and honest reasons regulated by good faith." (*Id.* ¶ 29.) Based on these allegations, Plaintiff asserts a claim for wrongful termination and a claim for breach of contract against Defendant.

## II. LEGAL STANDARD

Fed. R. Civ. Proc. ("Rule") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Under Rule 12, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on the motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678

(2009) (internal quotation marks omitted). The court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994*), overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted); *Branch*, 14 F.3d at 454. The court may also take judicial notice of undisputed facts that are contained in extrinsic materials. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988); *Lee*, 250 F.3d at 689-90.

## III.  DISCUSSION

The motion presents two grounds for dismissal: lack of subject matter jurisdiction and failure to state a claim. Because the Court finds it lacks subject matter jurisdiction, the Court will not determine whether Plaintiff's FAC states a claim but instead will remand the case to the state court from which it was removed.

Federal courts are courts of limited jurisdiction, and when there is a question related to the Court's subject matter jurisdiction, that question must be resolved as a threshold matter. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). The FAC alleges that jurisdiction is based upon a federal question, 28 U.S.C. § 1331. But Plaintiff does not state any federal claim. Plaintiff alleges only that Defendant breached her employment contract and wrongfully terminated her because contrary to Defendant's proffered reason for terminating Plaintiff, she was not insubordinate. These are purely state law claims so they do not trigger federal question jurisdiction. Nor does diversity jurisdiction exist as both Plaintiff and Defendant, an agency of the City of Los Angeles, are California citizens. Because the Court lacks subject matter jurisdiction, it lacks authority to adjudicate whether the FAC states a claim. The Court will therefore deny without prejudice the motion to dismiss and remand the case to state court.

## IV.  CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over this removed case. The Court therefore **REMANDS** the case to state court. Because the Court lacks jurisdiction to adjudicate Defendant's Motion to Dismiss, it is is **DENIED without prejudice**.

**IT IS SO ORDERED.**